WILLIAM WELLINGTON *vs.* ABEL WENTWORTH & another.

A cow going at large in the highway, without a keeper, joined a drove of cattle, with-
out the knowledge of the driver, and was driven to a distant place, and there pas-
tured with the other cattle: The owner of the cow called on the driver, after his
return, made inquiries, and demanded the cow: On the return of the drove, a few
months afterwards, the driver delivered the cow to the owner, who received her.
*Held,* in an action of trover against the driver, that his omission to deliver the cow,
on demand, was not evidence of a conversion.

TROVER for a cow. The parties submitted the case to the
decision of the court, on the statement of facts which follows:

" The defendants, inhabitants of Canton, in this county, being
owners of pasture lands in New Hampshire, in May or June of
each year, drive their own cattle to said lands, and also drive
others' cattle, which they take to pasture at an agreed price,
and, in each autumn, drive them back. In May or June 1842.
the defendants were jointly driving 151 head of cattle, of their
own and of their neighbors', along the highway in Dorchester,
where the plaintiff resides, and the plaintiff's cow, unperceived
by the defendants, and temporarily running at large in said
highway, without a keeper, joined the cattle aforesaid, without
the knowledge of the defendants. The defendants first stopped,
at night, at Lexington, counted their drove, and found they had
precisely the number they started with. They therefore sup-
posed that they had all, and no more than, their own and their
neighbors' cattle, which they had taken to pasture. In fact,
however, the defendants had lost one cow from their drove, as
they passed through Milton, but did not discover the loss until
their return from New Hampshire. The plaintiff's cow was
pastured in New Hampshire, by the defendants, during the sea-
son of 1842; and in the autumn of that year, as the defendants
returned with their drove, they returned the plaintiff's cow to
him, and he then received her. During said pasturing season,
said cow had a calf, which was returned to the plaintiff with
the cow.

" The defendants, when they found the cow which was lost
from their drove, as aforesaid, supposed that some one of their
neighbors had turned in one more cow than was reported, and

never suspected that they had in their drove any cow that was not delivered to them to be pastured, until about four weeks after their return from New Hampshire, when the plaintiff called on them, at Canton, to make inquiries, and demanded his cow."

Defendants to be defaulted, if the plaintiff is entitled to maintain his action, on the foregoing facts; otherwise, the plain tiff to become nonsuit.

*E. Ames,* for the defendants. A refusal to deliver goods to the owner, on his demand, is not a conversion, if the party has it not in his power to deliver them, or if he has reasonable cause to doubt the ownership of the person making the demand. *Smith* v. *Young,* 1 Campb. 439. *Isaack* v. *Clark,* 2 Bulst. 312. *Robinson* v. *Burleigh,* 5 N. Hamp. 225. *Alexander* v. *Southey,* 5 Barn. & Ald. 247. *Solomons* v. *Dawes,* 1 Esp. R. 83. *Verrall* v. *Robinson,* 2 Crompt. Mees. & Rosc. 495. The facts do not show that the plaintiff, when he demanded the cow, at Can ton, gave the defendants any proof or notice that the cow was his; and they were not bound to go to New Hampshire and return the cow to the plaintiff, on his merely making " inquiries " and a demand; they having been guilty of no tort or negligence.

No counsel appeared for the plaintiff.

SHAW, C. J. The court can perceive, in this case, no proof of a conversion. There was certainly no unlawful taking of the cow. On the contrary, it was the plaintiff's own fault that his cow was at large in the highway, and entered the defendant's drove. Rev. Sts. *c.* 19, § 22. *Wild* v. *Skinner,* 23 Pick. 251. Nor can we perceive any evidence of a conversion by a refusal to deliver the cow upon demand. For aught that appears, the cow was delivered on the first notice of the plaintiff that she was his property, and request to deliver her up; and we are to consider that such was the fact.

*Plaintiff nonsuit.*